**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2227
_____

IVANI DE SOUZA;
JORGE ANDRADE DE SOUZA,
                                                    Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                    Respondent
_____

On Appeal from the Board of Immigration Appeals
(BIA Nos. A095-868-989 & A095-868-990)
Immigration Judge: Hon. Susan G. Roy

Submitted July 12, 2011

Before:  SLOVITER, FUENTES, and GARTH, Circuit Judges.

(Filed: November 9, 2011)
_____

OPINION
_____

GARTH, Circuit Judge

Jorge Andrade De Souza and Ivani De Souza have filed a petition for review of a

decision of the Board of Immigration Appeals denying their applications for adjustment

of status and termination of removal proceedings.

The De Souzas claim that as aliens otherwise inadmissible under 8 U.S.C. § 1182(a)(9)(B)(i)(II), they can nevertheless adjust their status under 8 U.S.C. § 1255(i), and that the Immigration Court has the authority to grant an application for adjustment of status *nunc pro tunc*. For the reasons that follow, we will deny the petition for review.

I.

We write principally for the benefit of the parties and recite only the facts essential to our disposition.

Petitioners Jorge Andrade De Souza and Ivani De Souza are citizens of the nation of Brazil. The De Souzas legally entered the United States in 1996 on B-2 nonimmigrant visas with permission to remain until later that year. Without authorization, they remained in the United States until 2002. In December 2002, Mr. De Souza filed an I-140 immigrant petition for alien worker and an I-485 application to adjust status to lawful permanent resident. While these applications were pending, on May 25, 2004, the De Souzas received advanced parole pursuant to an I-512 petition. During the one-year term of their advanced parole, each of the De Souzas twice departed and re-entered the United States.[1]

On August 16, 2005, the De Souzas appeared for their adjustment of status interview, after which the U.S. Citizen and Immigration Service (CIS) requested

---

[1] An alien who departs the United States must obtain advanced parole to be able to re-enter the country under the status he had when he left. See Zheng v. Gonzales, 422 F.3d 98, 103 (3d Cir. 2005). However, receiving advanced parole does not guarantee that the alien will be paroled back into the United States upon his return, since he also must "establish that he is admissible at that time." In re G-A-C-, 22 I. & N. Dec. 83, 88 (BIA 1998) (en banc).

additional documentation to supplement their application within 90 days. The De Souzas failed to provide that documentation, and CIS therefore denied their application for adjustment of status on July 5, 2006. On August 7, the De Souzas filed a motion to reopen their application and provided the requested documentation. That motion was granted, but CIS subsequently, on February 9, 2007, denied the De Souzas' application for adjustment of status on the grounds that the De Souzas had been unlawfully present in the United States for a substantial period of time, and were therefore inadmissible under 8 U.S.C. § 1182(a)(9)(B)(i)(II), rendering them ineligible for adjustment of status. The same day, the De Souzas were charged with removability.

Before the Immigration Judge, the De Souzas contested certain factual allegations and requested that the IJ either terminate the removal proceedings or renew their adjustment of status application. The IJ denied these requests on June 11, 2008. The BIA affirmed the IJ's decision on March 20, 2010. In addition to adopting the IJ's original reasoning, the BIA also determined that the IJ lacked authority to grant adjustment of status *nunc pro tunc*. The De Souzas timely petitioned for review.

II.

The BIA had jurisdiction over the decision of the IJ pursuant to 8 C.F.R. §§ 1003.1(b)(3) and 1240.15. We have jurisdiction over the BIA's final order of removal pursuant to 8 U.S.C. § 1252(a). We review the BIA's interpretation of statutes *de novo*. Rranci v. Att'y Gen., 540 F.3d 165, 171 (3d Cir. 2008).

This court's recent decision in Cheruku v. Attorney General of the United States, __ F.3d __ (3d. Cir. 2011), No. 10-1176, squarely resolves both of the issues presently

3

before us on appeal. In <u>Cheruku</u>, this court undertook a detailed examination of the question of whether an inadmissible alien under 8 U.S.C. § 1182(a)(9)(B)(i)(II) is eligible for adjustment of status under 8 U.S.C. § 1255(i). Consistent with the familiar practice dictated by <u>Chevron v. NRDC</u>, 467 U.S. 837 (1984), our court considered whether the statutory scheme was ambiguous as to this question. Having concluded that there is statutory ambiguity as to whether an alien inadmissible under 8 U.S.C. § 1182(a)(9)(B)(i)(II) is eligible for adjustment of status under 8 U.S.C. § 1255(i), the <u>Cheruku</u> court, consistent with the requirements of <u>Chevron</u>, deferred to the BIA's interpretation of the statutory scheme and concluded that an alien inadmissible under 8 U.S.C. § 1182(a)(9)(B)(i)(II) is ineligible for 8 U.S.C. § 1255(i) adjustment of status. The De Souzas are, for the purpose of this inquiry, identical to the petitioner in <u>Cheruku</u>, and we are therefore bound by the holding of that case.

The De Souzas also claim that the BIA could have afforded them a *nunc pro tunc* waiver of inadmissibility. This claim is also squarely resolved by <u>Cheruku</u>. The De Souzas do "not contend the regulations in 8 C.F.R. § 212.2 authorize the grant of a waiver. Nor [do they] contend [their] case falls within any of the traditional categories for which the BIA has granted nunc pro tunc relief. . . . Accordingly, because Congress clearly delineated the situations in which the Attorney General may exercise discretion to grant a waiver to inadmissibility under this section, the BIA did not err in holding equitable *nunc pro tunc* relief is foreclosed by the plain language of the statute." <u>Cheruku</u>, supra, 21.

IV.

4

For the foregoing reasons, we will deny the petition to review the judgment of the Board of Immigration Appeals.